IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA, SOUTHERN DIVISION

JULES GARRISON  *
PLAINTIFF

VS.  * CASE NO.: 1:05CV696-C
  JURY TRIAL DEMANDED

THE TOWN OF LEVEL PLAINS,
ALABAMA  *

## COMPLAINT

### JURISDICTION

    1.    Jurisdiction in this Honorable Court is invoked pursuant to 28 USC 1331, 28 U.S.C. Section 1343 as an action pursuant to 42 U.S.C. Section 2000 (e-2) and 42 Section 2000 (e-5), the 1991 Civil Rights Act (Public Law 102-166) Section 102 (a) (1), and 42 U.S.C. Section 1983.

    2.    The Plaintiff, Jules Garrison, an African American male, is a resident citizen of the State of Alabama residing in Dale County, Alabama.

    3.    The Defendant, the Town of Level Plains Alabama is an employer as that term is used in Title VII.

    4.    The acts complained of occurred under color of state law.

    5.    This is an action to obtain relief for the Plaintiff against each of the Defendants including equitable relief, litigation expenses, attorney's fees, back pay, compensatory damages and such other different relief as the Court may deem reasonable for the damages suffered by Plaintiff due to the individual and collective discrimination against Plaintiff by Defendant and each of them in the terms and conditions of his employment due to his being an African American.

### COUNT I

    6.    The Plaintiff is an African American male who was employed by the Defendant. During the term of the plaintiff's employment the person who was serving as the Chief of Police vacated his position. The plaintiff was the highest ranking police officer on the police force.

    7.    The plaintiff undertook the supervisory duties necessary to administer the

1

police department.

8. The plaintiff submitted an application for the position of chief of police. The plaintiff was highly qualified for the position of chief of police. The plaintiff was a police officer who was properly certified by the State of Alabama. The plaintiff's certifications, firearms qualifications and all other prerequisites to serve as a police officer within the State of Alabama were all up to date.

9. While the plaintiff's application was pending for the position of Chief of Police an election occurred and the administration of the Town of Level Plains changed with the election of a new mayor and a change in the make up of the town council.

10. Although highly qualified for the position of Chief of Police the plaintiff was not selected as the Chief of Police and a person, a white male, was selected who was not current on his police certifications, was not a certified police officer and to the belief of the plaintiff had not qualified with his firearm.

11. The plaintiff was not selected based upon his race.

12. The plaintiff suffered damages as a result of the conduct of the defendant including but not necessarily limited to embarrassment, humiliation, loss of back pay, loss of front pay, loss of opportunity for advancement, loss of prestige, mental anguish and distress.

## COUNT II

13. Plaintiff made it known that he was discriminated against because of his race in his non-selection as police chief.

14. After the plaintiff made it known that he was complaining of having been discriminated against because of his race and was not selected as Chief of Police because of his race the defendant retaliated against him.

15. The defendant relied upon events that had occurred during the previous administration as a basis for the discharge of the plaintiff. The events made the basis for discharging the plaintiff were a pretext to mask the unlawful discrimination against the plaintiff based upon his race in his non-selection as chief of police.

16. The defendant discharged the plaintiff in retaliation for his complaint of race discrimination.

17. The plaintiff suffered damages as a result of the conduct of the defendant including but not necessarily limited to embarrassment, humiliation, loss of back pay, loss of front pay, loss of opportunity for advancement, loss of prestige, mental anguish and distress.

## COUNT III

18.	This is a claim under 42 U.S.C. Section 1983 to address violations of the Plaintiff's constitutional rights under the first amendment and under the due process clause of the fourteenth amendment to be free from discrimination based upon his race.

19.	The acts complained of occurred under color of state law.

20.	The defendant violated Plaintiff's constitutional rights in that they did engage in race discrimination, harassment and retaliation, including but not necessarily limited to the Plaintiff's non-selection for the position of Chief of Police and his discharge from his employment, based on the fact that the plaintiff is an African American male.

21.	The defendant under color of law discriminated against the plaintiff and accorded him less favorable treatment than they did a white male, who was not qualified for the position of Chief of Police, did not have a current minimum standards certification required of police officers in the State of Alabama even though the plaintiff was qualified for the position and held current certifications as a law enforcement officer within the State of Alabama.

22.	The plaintiff suffered damages as a result of the conduct of the defendant including but not necessarily limited to embarrassment, humiliation, loss of back pay, loss of front pay, loss of opportunity for advancement, loss of prestige, mental anguish and distress.

PRAYER FOR RELIEF

WHEREFORE, PREMISE CONSIDERED, Plaintiff prays that this Court will grant her the following relief:

a.	A judgment declaring that plaintiff was discriminated against by the defendant due to his race, African-American.

b.	A Court order requiring defendant rehire plaintiff and grant to him all fringe benefits and other rights, including seniority rights to which he may have been entitled had he not been a victim of race discrimination.

c.	A reasonable attorney's fees.

d.	All costs of Court.

e.	Compensatory damages in the form of back pay.

f.	Compensatory damages in the form of front pay, compensation for emotional distress, humiliation, embarrassment, loss of opportunity and mental angquish.

      g.     That an injunction issue enjoining the defendant from discriminating against the plaintiff on the basis of his race.

      h.     That damages be awarded as a result of his not being accorded the same rights and privileges as other citizens of the United States and not being granted equal protection under the law.

      i.     That damages be assessed due to the defendant violating the plaintiff's right under the First Amendment of the Constitution of the United States guaranteeing him the right to speak freely of matters of public concern and the right to be free from race discrimination in his employment.

*/s/ Charles N. Reese*

Charles N. Reese, (REE010)
Reese & Reese Attorneys
P. O. Drawer 250
Daleville, Alabama
36322
334-598-6321