IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JULES GARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number 1:05-cv-696-C |
| | ) | |
| TOWN OF LEVEL PLAINS, ALABAMA, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant Town of Level Plains, Alabama, answers the plaintiff's complaint as follows.

## JURISDICTION

1. The defendant admits the plaintiff invoked the Court's jurisdiction. The defendant denies liability.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of this averment. Therefore, it is denied.

3. Denied.

4. Denied.

5. Denied.

## COUNT I

The defendant adopts and incorporates by reference its preceding responses.

1

6. Admitted.

7. The defendant admits the plaintiff undertook supervisory duties. All other allegations of this paragraph are denied.

8. The defendant admits the plaintiff applied for the position of police chief and was a certified police officer. The defendant denies all other allegations of this paragraph.

9. The defendant admits the plaintiff applied to be police chief. The defendant admits an election occurred. The defendant denies all other allegations of this paragraph.

10. Denied.

11. Denied.

12. Denied.

## COUNT II

The defendant adopts and incorporates by reference its preceding responses.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## COUNT III

The defendant adopts and incorporates by reference its preceding responses.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## PRAYER FOR RELIEF

The defendant adopts and incorporates by reference its preceding responses.

The defendant denies all allegations of the Prayer for Relief.

## FIRST DEFENSE

The plaintiff's complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The plaintiff's complaint, or portions thereof, are barred because the plaintiff failed to exhaust the administrative prerequisites and conditions precedent to bringing this action.

3

**THIRD DEFENSE**

The plaintiff did not allege retaliation in his EEOC charge. He is barred from suing on that alleged basis.

**FOURTH DEFENSE**

The plaintiff's complaint, or portions thereof, are barred because they exceed the scope of the underlying EEOC charge.

**FIFTH DEFENSE**

The Court lacks jurisdiction over the Title VII claims.

**SIXTH DEFENSE**

The defendant is not an "employer" under 42 U.S.C. § 2000e-(b).

**SEVENTH DEFENSE**

The plaintiff is not an "employee" under 42 U.S.C. 2000e-(f) and is not otherwise within the protection of Title VII.

**EIGHTH DEFENSE**

The "Mt. Healthy" defense bars the plaintiff's claims. That is, the defendant would have terminated the plaintiff regardless of speech. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977).

## NINTH DEFENSE

The defendant pleads immunity.

## TENTH DEFENSE

The defendant pleads qualified immunity.

## ELEVENTH DEFENSE

The defendant pleads good faith immunity.

## TWELFTH DEFENSE

The defendant pleads absolute immunity.

## THIRTEENTH DEFENSE

The defendant pleads sovereign immunity.

## FOURTEENTH DEFENSE

The defendant pleads substantive immunity.

## FIFTEENTH DEFENSE

To the extent the plaintiff failed to mitigate his alleged damages, if any, he is barred from recovering.

## SIXTEENTH DEFENSE

The defendant pleads Ala. Code § 11-47-190 (1975).

## SEVENTEENTH DEFENSE

Portions of the plaintiff's claims are barred because the plaintiff has no protectable proprietary property or liberty interest protectable by the Fourteenth Amendment.

## EIGHTEENTH DEFENSE

The plaintiff's claims under 42 U.S.C. § 1983 are barred to the extent they are based on the doctrine of respondeat superior.

## NINTEENTH DEFENSE

Neither race nor any alleged complaints of alleged discrimination were factors, determinative or otherwise, in any practice regarding the plaintiff.

## TWENTIETH DEFENSE

Even if race or any alleged complaints of alleged discrimination were factors in any of defendant's decisions, which defendant strenuously denies, the same decisions would have been made regardless of plaintiff's race or alleged complaints of alleged discrimination.

### TWENTY-FIRST DEFENSE

The defendant has business justifications for its decisions.

### TWENTY-SECOND DEFENSE

All actions taken by defendant were based on legitimate, non-discriminatory, non-retaliatory reasons, which were not pretextual.

### TWENTY-THIRD DEFENSE

All actions taken by defendant were for good cause, made in good faith, and based on factors other than race or alleged complaints of alleged discrimination.

### TWENTY-FOURTH DEFENSE

The plaintiff has failed to assert a claim upon which punitive damages may be awarded.

### TWENTY-FIFTH DEFENSE

The plaintiff cannot claim or recover punitive damages pursuant to Title VII, § 1983, the First Amendment, the Fourteenth Amendment, or any other state or federal law.

### TWENTY-SIXTH DEFENSE

Any award of punitive damages would violate state law, federal law, the Constitution of the United States, and the Constitution of Alabama.

### TWENTY-SEVENTH DEFENSE

The defendant pleads that no policy or custom proximately violated any alleged constitutional rights of the plaintiff.

### TWENTY-EIGHTH DEFENSE

The defendant pleads that a policy or custom was not the moving force behind any alleged constitutional violation in this case.

### TWENTY-NINTH DEFENSE

The defendant pleads it was not deliberately indifferent to the plaintiff's constitutional rights.

### THIRTIETH DEFENSE

The plaintiff has no damages and as such is barred from recovery from defendant.

### THIRTY-FIRST DEFENSE

The defendant acted reasonably at all times.

## THIRTY-SECOND DEFENSE

The defendant pleads the doctrine of estoppel.

## THIRTY-THIRD DEFENSE

The defendant pleads the doctrine of judicial estoppel.

## THIRTY-FOURTH DEFENSE

The defendant pleads the doctrine of collateral estoppel.

## THIRTY-FIFTH DEFENSE

The plaintiff failed to commence this action within ninety days of the EEOC's "notice of right to sue" letter.

## THIRTY-SIXTH DEFENSE

The defendant pleads the statute of limitations.

## THIRTY-SEVENTH DEFENSE

The plaintiff has not made any speech on a matter of public concern.

## THIRTY-EIGHTH DEFENSE

The plaintiff's alleged speech interest does not outweigh the defendant's interest in promoting efficient government services.

### **THIRTY-NINTH DEFENSE**

The plaintiff's alleged speech played no part in the defendant's decisions.

### **FORTIETH DEFENSE**

The plaintiff was afforded notice and an opportunity to be heard.

### **PRAYER FOR RELIEF**

Wherefore, having fully answered the Complaint, the defendant requests the Complaint be dismissed with prejudice; that judgment be entered for defendant Town of Level Plains; and that defendant Town of Level Plains be awarded its attorney's fees herein plus such other general and equitable relief as this Court deems just and proper.

        **/s/ James H. Pike**
        James H. Pike (PIK003)
        Attorney for Defendant
        Town of Level Plains, Alabama

OF COUNSEL:

COBB, SHEALY, CRUM & DERRICK, P.A.
P.O. Box 6346
Dothan, Alabama  36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
Email: jpike@cobb-shealy.com

## **CERTIFICATE OF SERVICE**

I, James H. Pike, hereby certify that on September 26, 2005, I electronically served this document upon:

Charles N. Reese
REESE & REESE ATTORNEYS
P.O. Drawer 250
Daleville, Alabama  36322

                                         **/s/ James H. Pike**
                                         James H. Pike